**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY LLOYD,<br><br>                    Plaintiff - Appellant,<br><br>    v.<br><br>BRIAN YANKEY, Correctional Officer;<br>et al.,<br><br>                    Defendants - Appellees. | No. 14-35213<br><br>D.C. No. 3:12-cv-05913-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Washington state prisoner Larry Lloyd appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs while he was a pretrial detainee. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment on Lloyd's deliberate indifference claim because Lloyd failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his finger injury. *See id.* at 1066, 1068 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk to inmate health; a difference of opinion does not amount to deliberate indifference); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (the Eighth Amendment deliberate indifference standard applies to pretrial detainees alleging deliberate indifference under the Fourteenth Amendment); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal state prison policies does not rise to the level of a federal constitutional violation).

The district court properly granted summary judgment on Lloyd's equal protection claim because Lloyd failed to raise a triable dispute as to whether defendants intentionally treated him differently from others similarly situated without a rational basis, or discriminated against him based on his membership in a protected class. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Barren v.*

*Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (elements of a § 1983 equal protection claim).

We do not consider Lloyd's conspiracy allegations because they were raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Lloyd's contention that the district court abused its discretion in denying his request for judicial notice because the district court docket does not reflect that Lloyd filed such a request.

Lloyd's request to clarify the composition of the record, filed on July 13, 2015, is granted. The record consists of all the filings pursuant to Fed. R. App. P. 10(a).

**AFFIRMED.**

14-35213